[Civ. No. 1593. First Appellate District.—January 21, 1916.]

## DAVID SALFIELD, Respondent, v. HERMAN COHN, Appellant.

CONTRACTS—ARCHITECT'S SERVICES—DRAWING OF PLANS—SUFFICIENCY OF EVIDENCE.—In an action to recover for services of an architect in drawing plans for a house, where the plaintiff testified that the preparation of the plans and the making of changes thereafter were at the request of the defendant, ·but the testimony was radically conflicting as· to what the agreement was between the parties, the decision of the trial court in favor of the plaintiff will be upheld on appeal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. George E. Crothers, Judge.

The facts are stated in the opinion of the court.

James P. Sweeney, for Appellant.

tum Suden & tum Suden, for Respondent.

THE COURT.—This is an appeal from a judgment in favor of plaintiff and from an order denying a new trial.

The only question involved is the question as to whether the evidence sustains the findings and judgment of the court.

Mr. Sweeney (for Appellant) : That is the only question.

The Court: This was an action brought by an architect to recover certain sums alleged to be due for a number of plans which he had drawn for the defendant, who was the owner of a lot upon which, apparently, he desired to build a house. Upon the trial of the case the two chief witnesses presented were the plaintiff and the defendant; and the question to which their testimony was directed was as to the oral agreements which had been made between them with reference to these several plans, and the understandings at the time this, that, or the other plan was found to be insufficient or impracticable for the uses of the defendant. The testimony is radically conflicting as to what the agreement was between the parties. The court apparently saw fit to adopt the version which the plaintiff gave of the understanding between the

parties, and based its findings and judgment upon its accept-
ance of the plaintiff's testimony. Will it not be conceded by
you that the plaintiff's testimony went to the extent of sup-
porting his claim for the amount which he claimed to be due
in case the court believed it? ·

Mr. Sweeney: Yes, in a way. If the court had believed
his testimony, it should have given him a great many thou-
sand dollars more than it did; but it is the contention of the
defendant that he always told the plaintiff that he wanted
plans for a twenty-five thousand dollar building or a twenty-
five thousand five hundred dollar building. There is abso-
lutely no conflict upon that pivotal point throughout the entire
case.

The Court: We think that the record discloses that the
plaintiff testified that at the time these several plans were
drawn and examined there were various directions given him
by the defendant as to the kind of plans he wished, and as
to the cost of the building which was to be constructed. We
recall, for example, that when the second set of plans was pre-
pared—which showed a building worth something like twenty-
six thousand dollars or twenty-seven thousand dollars—the
defendant thereupon directed the plaintiff to make certain
additions and changes in the plans, which brought the cost
up to something like thirty-five thousand dollars, and that he
prepared a set of plans in accordance with the suggestions
of the defendant; and that after they were prepared the de-
fendant found that he was unable to borrow the money to
erect the building according to this plan, and thereupon other
plans were directed to be drawn.

Mr. Sweeney: Yes.

The Court: In other words, isn't this the situation: that
repeated plans were drawn by the plaintiff at the request of
the defendant, and repeatedly modified because the defendant
did not feel that he had money enough to meet the require-
ments of the plans as prepared by the plaintiff?

Mr. Sweeney: Yes.

The Court: The plans were prepared in the first instance
at the suggestion of the defendant?

Mr. Sweeney: Yes.

The Court: And they were modified from time to time at
the suggestion of the defendant?

Mr. Sweeney: Yes.

The Court: And certain features of the building were elimi-
nated, so as to bring the cost within the means of the de-
fendant?

Mr. Sweeney: Yes; but the first set of plans were a fifty
thousand dollars, the second thirty-five thousand dollars, and
the third was, I think, the nineteen thousand dollars, which
set did not cover the entire lot, and the fourth set was the
twenty-five thousand five hundred dollars, which is the set of
plans which the defendant should be mulcted for and the only
set.

The Court: That, of course, is only upon the theory that
the court did not in all respects believe the testimony of the
plaintiff, because the testimony of the plaintiff as we read it
is to the effect that in the preparation of all of these plans
he was acting under the direction of the defendant, and that
he was changing his plans from time to time to meet the lat-
ter's views.

Mr. Sweeney: If the court gets that idea out of the case,
well and good.

The Court: We are satisfied from the facts of the case and
the statement of the facts appearing upon this discussion, and
for the reasons stated therein, that the judgment and order
appealed from should be affirmed, and that will be the order.